*1274 OPINION.
Smith:
The sole issue presented by this proceeding is the petitioner’s liability under section 280 of the Revenue Act of 1926 for the assessment of a tax claimed to be due from the Hynes Elevator Co. for the year 1917, which corporation was dissolved on September 15, 1917, and its assets, having a value of at least $23,915.39, transferred to the petitioner. The petitioner claims nonliability for the tax by reason of the operation of the statute of limitations.
The authority of the respondent to assess against the petitioner a deficiency in income and profits tax due from the Hynes Elevator Co. for the fiscal period ended June 30, 1917, is section 280 of the Revenue Act of 1926. Subdivision (b) of that section provides :
The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:
(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or
(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this. Act but assessment against the taxpayer was made within such period, then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.
(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods, then within one year after return of execution in such proceeding.
The assessment against the Hynes Elevator Co. for the additional tax due or claimed to be due for the fiscal period ended June 30, 1917, was made on February 25, 1920. More than six years elapsed from the date of such assessment to the enactment of the Revenue Act of 1926, which was February 26, 1926. Since it is clear that section 280 of the Revenue Act of 1926 was not intended to apply to transferees where the assessment had been made against the transferor more than six years prior to the date of the enactment of the Revenue Act of 1926, there is no provision of law authorizing the assessment of the tax against the petitioner. The facts in this case are strikingly similar to those in the case of United States v. Updike, 25 Fed. (2d) 764; 32 Fed. (2d) 1; certiorari denied, 271 U. S. 661.

Judgment of no liability will be entered for the petitioner.